**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **ALEXZANDRIA H. ORTA** | ) | Case No. |
| 9780 Township Road 111, | | |
| Upper Sandusky, Ohio 43351 | ) | Judge |
| | | |
| Plaintiff, | ) | |
| | | |
| v. | ) | **COMPLAINT WITH** |
| | | **JURY DEMAND** |
| **MARK E. REPP** | ) | **ENDORSED HEREON** |
| Judge of the Tiffin-Fostoria Municipal Court | | |
| 103 E. Market Street, Suite 201 | ) | |
| Tiffin, Ohio 44883, | | |
| | ) | |
| and | | |
| | ) | |
| **MARK E. REPP** | | |
| 1243 E. Township Road 201 | ) | |
| Tiffin, Ohio 44883 | | |
| | | |
| and | ) | |
| | | |
| **TIFFIN-FOSTORIA MUNICIPAL COURT** | ) | |
| 103 E. Market Street, Suite 201 | | |
| Tiffin, Ohio 44883 | ) | |
| | | |
| And | ) | |
| | | |
| **FREDERICK W. STEVENS** | ) | |
| **SENECA COUNTY SHERIFF** | | |
| 3040 OH-100 | ) | |
| Tiffin, Ohio 44883 | | |
| | | |
| Defendants. | ) | |

*******************************

Now comes Plaintiff, Alexzandria H. Orta, by and through counsel, and for their Complaint

against Defendants state as follows:

## PARTIES

1.      Plaintiff Alexzandria H. Orta is an adult citizen of the United States of America and the State of Ohio.

2.      Defendant Mark E. Repp ("Judge Repp") was the elected Judge of the Tiffin-Fostoria Municipal Court. At all times material to this Complaint, Defendant Judge Repp acted alternatively in his official capacity as representative, principal and agent of the Tiffin-Fostoria Municipal Court, as well as in the course of his employment, or in his individual capacity, outside the course and scope of his agency and employment.

3.      Defendant Judge Repp is currently suspended from the practice of law and from judicial office without pay by order of the Supreme Court of Ohio for reasons related to the matters outlined in this Complaint. As to all Counts in this Complaint, the allegations are made against Defendant Repp in his individual and official capacity.

4.      Defendant Tiffin-Fostoria Municipal Court ("Municipal Court") is a subdivision of the State of Ohio, having been created pursuant to R.C. Section 1901 et seq.. As to all Counts in this Complaint, the allegations include claims made against the Municipal Court in its official capacity and the employees of the Municipal Court.

5.      Defendant Frederick W. Stevens is the current duly elected Seneca County, Ohio Sheriff ("Sheriff").  At all times material to this Complaint, Defendant Sheriff as successor to the previously elected Sheriff acts alternatively in his official capacity as representative and principal and agent of the office of Seneca County Sheriff Court, and as supervisor and principal of the deputies sheriffs hired and employed in the service of the Sheriff, including the Corrections facility

at Seneca County.  Defendant Sheriff Frederick W. Stevens did not take office until 2021 and no claims are made against him personally or for any actions he may have taken in the matters claimed in this Complaint as he did not hold the position of Sheriff.

6.     Seneca County Sheriff Office ("Sheriff Office") is a subdivision of the State of Ohio. As to all Counts in this Complaint, the allegations are made against the Sheriff Office and its employees while acting in its official capacity.

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1342 to secure protection of and to redress deprivation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3) and 1988, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

8.     The jurisdiction of this Court is also invoked by the plaintiff's rights under the Constitution of the United States, which, among other things, provides for all persons within the jurisdiction of the United States to be free from unreasonable searches and seizures, excessive punishment, to enjoy privacy, the right to counsel, the right to freedom of association, the right to assembly, and to be free from deprivation of life, liberty and property without due process of law.

9.     The pendent jurisdiction of the federal district Court is invoked with respect to the plaintiff's claims under the laws of the State of Ohio, pursuant to 42 U.S.C. § 1343, because the entire action before the Court comprises one constitutional and civil rights case, and the claims arise out of the same operative facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

10.     This honorable Court has federal question jurisdiction over Plaintiff's federal claims, pursuant to 28 U.S.C. § 1331 and 1343, as well as jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11.     All matters relevant to plaintiff's claims occurred in Seneca County, Ohio.


### FACTS

12.     On November 9, 2021, the Supreme Court of Ohio issued a decision in the case *Disciplinary Counsel v. Repp* regarding the misconduct of Defendant Judge Repp and issuing sanctions against him. The events of Judge Repp's misconduct are the same as Plaintiff's claims, described below.

13.     On March 11, 2020, Plaintiff Alexzandria H. Orta traveled to the Tiffin-Fostoria Municipal Court to sit in the public gallery and watch the proceedings related to the father of her children, Trevor Danner.

14.     Plaintiff had been to the Court before for the same purpose, and Judge Repp knew that she was Trevor Danner's girlfriend.

15.     On each occasion that Plaintiff visited the Tiffin-Fostoria Municipal Court, she sat quietly and respectfully in the public seating area.

16.     On March 11, 2021, during the proceedings for an unrelated criminal defendant, Judge Repp made constant side comments to Plaintiff, who was silently sitting in the back row of the room. For example, during that proceeding he said "Going to be a lot of drug tests today. Is that Trevor Danner's girlfriend back there?" At another point, when the unrelated defendant stated that he did not believe in using drugs, Repp stated "That's good. I wish all of us could say that.

4

Right Alexzandria?" Plaintiff did not respond to any of these comments. Plaintiff had received these types of comments from Judge Repp before, as he behaved in this way each time she visited the Tiffin-Fostoria Municipal Court.

17.     Plaintiff had no criminal record and had never been a party in Judge Repp's Court before March 11, 2020.

18.     When Trevor Danner's proceeding was about to begin, Defendant Judge Repp said "Oh, before we get started, I think Alexzandria's under the influence. I want her drug tested." He then ordered the bailiff to take Plaintiff out of the courtroom to submit to a urine drug test.

19.     As stated in the Supreme Court's disciplinary decision against Repp, Plaintiff Alexzandria Orta "did *absolutely nothing* to justify Repp's attention in the courtroom – let alone his order that she be drug tested." (emphasis in the original).

20.     After Plaintiff was taken from the room, Judge Repp began Trevor Danner's proceeding. Mr. Danner was being held in the Seneca County Jail and appeared by video. When Mr. Danner appeared on the screen, Repp said "Hold it. Hold it. Who's that vision? That vision of a man I haven't seen in so long? Ho, just getting by, doing his own thing. Trev Danner. Holy Smokes. How you doing, Trev? How you been?" When Mr. Danner stated that he had "slipped up and got caught", Judge Repp said "Slipped up and got caught. Yeah baby. Slipped up and got caught." Later in the hearing, Judge Repp asked Mr. Danner who was watching his kids since "Ms. Orta's here, she's probably going to jail too." Danner responded that his dad was probably watching the kids. Judge Repp laughed loudly and responded "Your dad? I heard your dad went to jail for you too."

21.     Judge Repp's language and tone clearly demonstrated that he was in high spirits

5

during the time that he was interacting with Plaintiff and those he associated with her. He was not a judge dutifully and impartially conducting the business of the court; he was genuinely enjoying himself. His seemingly jovial comments and tone to Plaintiff and the criminal defendants appearing that day also demonstrate his intention to demean and belittle those persons, including Plaintiff.

22.     Plaintiff waited outside the probation office, which is near the entrance of the courtroom. She discovered from the probation office employees, who are employees of the Tiffin-Fostoria Municipal Court, that the law enforcement present in the building had all been instructed to make sure she didn't leave.

23.     She told one probation office employee that she wanted to talk to a lawyer, to which the employee responded that since Plaintiff hadn't been charged with anything, she couldn't get a lawyer. Defendant waited several hours, refusing to submit to the drug test since she correctly believed it was unwarranted and illegal.

24.     After Judge Repp's lunch break, Plaintiff was brought back into the courtroom, having refused to submit to the drug test. Judge Repp stated "We're going to hold you in contempt. I'm going to commit you for ten days."

25.     Judge Repp issued a judgment entry (COPY ATTACHED) finding Plaintiff in direct contempt of court and sentencing her to the Seneca County jail for ten (10) days or until she submitted to a drug test. The entry did not specify the conduct that led to the finding of contempt.

26.     Plaintiff was handcuffed and transported to the jail, where she was required by deputies of the Seneca County Sheriff's Department to take a pregnancy test and undergo two full body scans. The Sheriff's Deputy who conducted the scans claimed to believe that there were

anomalies in plaintiff's abdomen and accused her of carrying contraband inside her body.

27.     Another Sheriff's Deputy, who was male, came to review the scans. Female Deputies tried to cover Plaintiff's breast and genital areas, but the male Deputy prevented them.

28.     The male Sheriff's Deputy then asked Plaintiff whether her nipples were pierced – a question completely unrelated to the purpose of his reviewing the scans for contraband. One female Deputy stood in plaintiff's face, nose to nose, and in an intimidating tone said that it is a felony to carry contraband inside one's person. When Plaintiff again denied that she had anything inside of her, the Deputy said she didn't believe her.

29.     Plaintiff was again handcuffed and taken to the hospital, where the Sheriff Deputies ordered a second pregnancy test and a CAT scan. The suspected anomalies were actually just scarred tissue from plaintiff's two c-section birth deliveries. The CAT scan confirmed that plaintiff had no contraband.

30.     While plaintiff was going through the booking process, she was asked if she used drugs, to which she replied that she does not. The Deputy saw that she had been detained for refusing to take a drug test and then called her a liar.

31.     A few hours after being returned to jail, Plaintiff became scared, especially for her two children from whom she was separated from by the incarceration. She told a Deputy that she had decided to take the drug test, to which the Deputy replied that she already had her chance. She was not given a drug test and was not released from jail at that time.

32.     The actions described above by Deputies of the Seneca County Sheriff were undertaken because the deputies had reason to believe that their behavior was done in accordance with the Sheriff's Office's official policies, procedures, customs, and practices formally or

informally adopted or codified by the Seneca County Sheriff's Office.

33.     The written policies and procedures, adopted and informal policies and procedures and the customs and practices of the Seneca County Sheriff's Office applied to the Plaintiff were known to the Seneca County Sheriff, Judge Repp and the staff and employees of the Tiffin-Fostoria Municipal Court.

34.     Judge Repp knew that by holding Plaintiff in contempt and sentencing her to jail that she would be subject to these policies and the resulting unlawful treatment by the deputies.

35.     The next day, March 12, 2020, a hearing was held on motions and appeal filed by Plaintiff's attorney. The Seneca County Prosecutor joined Plaintiff's Counsel and moved to vacate Judge Repp's contempt finding, as it was illegal and in violation of the United States and Ohio Constitutions.

36.     Judge Repp only agreed to vacate the contempt finding on the condition that plaintiff agree to submit to a drug treatment assessment.

37.     On September 21, 2020, the Ohio Third District Court of Appeals reversed Judge Repp's finding of Plaintiff in contempt as it was "devoid of any specific observations or findings . . . supporting his stated belief that she was under the influence while observing court proceedings." The Third District also found that Judge Repp "was without the authority to compel Orta to submit to a drug test." His actions were "without cause and constituted an invalid exercise of the contempt power". On remand, Judge Repp dismissed the case against Plaintiff.

## COUNT I

## CIVIL RIGHTS CLAIM UNDER 42 U.S.C. SECTION 1983

38.    Plaintiff incorporates by reference all prior averments set forth in this Complaint as if fully set forth herein.

39.    During the events of March 11-12, 2020, all defendants, acting under color of state law, did, without cause, subject plaintiff to the indignities of, among other things, public embarrassment, belittling and harassing treatment, invasion of privacy, wrongful detainment, multiple invasive searches of her person, all in violation of plaintiff's constitutional rights to be secure in her person, her right to privacy, her right to be free from unreasonable searches and seizures, and her right to due process of law before being deprived of her liberty.

40.    Defendants, in acting to deprive plaintiff of her rights, went far beyond the authority necessary for the discharge of their public duties, and instead misused their official powers and acted from a willful and malicious intent to deprive plaintiff of her civil rights and thereby caused her grievous injuries.

41.    Defendants, in acting to deprive plaintiff of her rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights, in condoning the oppressive acts and injuries against plaintiff.

42.    Defendants collectively acted in an outrageous and systematic pattern of harassment, oppression, intimidation, bad faith, and retaliation directed at the plaintiff.

43.    Defendants had no jurisdiction to require a drug test of plaintiff, let alone incarcerate her, for merely occupying a publicly available place.

44.    Defendants had no probable cause to require a drug test of plaintiff, let alone

incarcerate her, with all the invasions related to the incarceration,  for merely occupying a publicly available place.

45.    Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

46.    As a result of the acts of the defendants under the color of law, plaintiff suffered mental anguish and emotional distress, humiliation and embarrassment, all of which are currently still present and will continue into the reasonable future.


## COUNT II

**CIVIL RIGHTS CLAIM UNDER 42 U.S.C. SECTION 1985(3) AND THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTIONS 3 AND 11 OF THE OHIO CONSTITUTION**

47.    Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

48.    By the aforesaid wrongful acts and omissions of the defendants, acting individually and in their official capacities under color of law, defendants did conspire, plan, agreed and intended to harass, intimidate and cause physical and psychological injury to the plaintiff.

49.    The purpose of the defendants' actions was to prevent the plaintiff, through physical invasion of privacy and psychological abuse and intimidation, from receiving equal protection under the law and from enjoying her privileges and immunities as a citizen under the Constitution and the laws of the United States and the State of Ohio, including but not limited to her rights to freedom of speech, movement, association and assembly, and her right to petition the government

for redress of her grievances, all in violation of the first and fourteenth amendments of the United States Constitution and under Article I, Sections 3 and 11 of the Ohio Constitution.

50.     Pursuant to the systematic mistreatment of plaintiff by the several defendants, the defendants acted to deprive plaintiff of her civil rights by repeated and insidious acts of harassment, intimidation, bad faith and threat, of in violation of 42 U.S.C. § 1985(3).

51.     Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

52.     Defendants' wrongful actions were done in the absence of all jurisdiction and without due process to deny and abridge plaintiff's freedom of speech, right to assembly and association, and right to petition the government for redress of grievances under the First and Fourteenth Amendments of the United States Constitution, the right to assemble in a peaceable manner and to petition for redress of grievances under Article 1, Section 3 of the Ohio Constitution, and freedom of speech under Article 1, Section 11 of the Ohio Constitution.

53.     As a direct and proximate result of the defendants' actions and inactions, plaintiff has suffered and continues to suffer humiliation, severe anxiety, and emotional distress, associated with her incarceration and defense for the defendants' illegal actions, and other damages for which defendants are liable.

<u>COUNT III</u>

**CIVIL RIGHTS CLAIM UNDER 42 U.S.C. SECTION 1985(3) AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 14 OF THE OHIO CONSTITUTION**

54.     Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

55.     By the aforesaid wrongful acts and omissions of the defendants, acting individually and in their official capacities under color of law, defendants did conspire, plan, agreed and intended to harass, intimidate and cause physical and psychological injury to the plaintiff.

56.     The purpose of the defendants' actions was to prevent the plaintiff, through physical invasion of privacy and psychological abuse and intimidation, from receiving equal protection under the law and from enjoying her privileges and immunities as a citizen under the Constitution and the laws of the United States and the State of Ohio, including but not limited to her right to be secure in her person and effects and to be free from unreasonable searches and seizures, her right to privacy of her person, without due process of law, in violation of the fourth and fourteenth amendments of the United States Constitution and Article 1, Section 14 of the Ohio Constitution.

57.     Pursuant to the systematic mistreatment of plaintiff by the several defendants, the defendants acted to deprive plaintiff of her civil rights by repeated and insidious acts of harassment, intimidation, bad faith and threat, of in violation of 42 U.S.C. § 1985(3).

58.     Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

59.     Defendants' infringement of plaintiff's rights were done in the absence of all

jurisdiction and without due process.

60.    Defendants had no probable cause for arresting, searching and detaining plaintiff for refusing the drug test.

61.    As a direct and proximate result of the defendants' actions and inactions, plaintiff has suffered and continues to suffer humiliation, severe anxiety, and emotional distress, associated with her incarceration and defense for the defendants' illegal actions, and other damages for which defendants are liable.

## COUNT IV

**CIVIL RIGHTS CLAIM UNDER 42 U.S.C. SECTION 1985(3) AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

62.    Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

63.    By the aforesaid wrongful acts and omissions of the defendants, acting individually and in their official capacities under color of law, defendants did conspire, plan, agreed and intended to harass, intimidate and cause physical and psychological injury to the plaintiff.

64.    The purpose of the defendants' actions was to prevent the plaintiff, through physical invasion of privacy and psychological abuse and intimidation, from receiving equal protection under the law and from enjoying her privileges and immunities as a citizen under the Constitution and the laws of the United States and the State of Ohio, including but not limited to her right to not be deprived of liberty or property without due process of law, in violation of the fifth and fourteenth amendments of the United States Constitution.

13

65.     Pursuant to the systematic mistreatment of plaintiff by the several defendants, the defendants acted to deprive plaintiff of her civil rights by repeated and insidious acts of harassment, intimidation, bad faith and threat, of in violation of 42 U.S.C. § 1985(3).

66.     Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

67.     Defendants' infringement of plaintiff's rights were done in the absence of all jurisdiction and without due process.

68.     Defendants had no probable cause for arresting, searching and detaining plaintiff for refusing the drug test.

69.     As a direct and proximate result of the defendants' actions and inactions, plaintiff has suffered and continues to suffer humiliation, severe anxiety, and emotional distress, associated with her incarceration and defense for the defendants' illegal actions, and other damages for which defendants are liable.

### COUNT V
### CIVIL RIGHTS CLAIM UNDER 42 U.S.C. SECTION 1985(3) AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

70.     Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

71.     By the aforesaid wrongful acts and omissions of the defendants, acting individually and in their official capacities under color of law, defendants did conspire, plan, agreed and intended to harass, intimidate and cause physical and psychological injury to the plaintiff.

72.     The purpose of the defendants' actions was to prevent the plaintiff, through physical

invasion of privacy and psychological abuse and intimidation, from receiving equal protection under the law and from enjoying her privileges and immunities as a citizen under the Constitution and the laws of the United States and the State of Ohio, including but not limited to her right to a trial by jury for criminal prosecution, her right to be informed of the nature and cause of the accusation, to be confronted with the witnesses against her, to have compulsory process for obtaining witnesses in her favor, and to have the assistance of counsel for her defense, all in violation of the sixth and fourteenth amendments of the United States Constitution.

73.     Pursuant to the systematic mistreatment of plaintiff by the several defendants, the defendants acted to deprive plaintiff of her civil rights by repeated and insidious acts of harassment, intimidation, bad faith and threat, of in violation of 42 U.S.C. § 1985(3).

74.     Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

75.     Defendants' infringement of plaintiff's rights were done in the absence of all jurisdiction and without due process.

76.     Defendants had no probable cause for prosecuting the criminal prosecution against defendant whereby she was jailed, without an opportunity to have the assistance of counsel, nor to be confronted with witnesses against her, all without her being informed of the nature and cause of the accusations against her.

77.     As a direct and proximate result of the defendants' actions and inactions, plaintiff has suffered and continues to suffer humiliation, severe anxiety, and emotional distress, associated with her incarceration and defense for the defendants' illegal actions, and other damages for which defendants are liable.

15

## COUNT VI

**CIVIL RIGHTS CLAIM UNDER 42 U.S.C. SECTION 1985(3) AND THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 9 OF THE OHIO CONSTITUTION**

78.     Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

79.     By the aforesaid wrongful acts and omissions of the defendants, acting individually and in their official capacities under color of law, defendants did conspire, plan, agreed and intended to harass, intimidate and cause physical and psychological injury to the plaintiff.

80.     The purpose of the defendants' actions was to prevent the plaintiff, through physical invasion of privacy and psychological abuse and intimidation, from receiving equal protection under the law and from enjoying her privileges and immunities as a citizen under the Constitution and the laws of the United States and the State of Ohio, including but not limited to her right to be free from cruel and unusual punishment, in violation of the eighth and fourteenth amendments of the United States Constitution and Article 1, Section 9 of the Ohio Constitution.

81.     Pursuant to the systematic mistreatment of plaintiff by the several defendants, the defendants acted to deprive plaintiff of her civil rights by repeated and insidious acts of harassment, intimidation, bad faith and threat, of in violation of 42 U.S.C. § 1985(3).

82.     Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

83.     Defendants' infringement of plaintiff's rights were done in the absence of all jurisdiction and without due process.

16

84. Defendants had no probable cause for punishing defendant by detaining, arresting, and jailing her for no crime committed, nor probable cause, nor due process, all constituting cruel and unusual punishment.

85. As a direct and proximate result of the defendants' actions and inactions, plaintiff has suffered and continues to suffer humiliation, severe anxiety, and emotional distress, associated with her incarceration and defense for the defendants' illegal actions, and other damages for which defendants are liable.

## COUNT VII

**CIVIL RIGHTS CLAIM UNDER 42 U.S.C. SECTION 1985(3) AND THE THIRTEENTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 7 OF THE OHIO CONSTITUTION**

86. Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

87. By the aforesaid wrongful acts and omissions of the defendants, acting individually and in their official capacities under color of law, defendants did conspire, plan, agreed and intended to harass, intimidate and cause physical and psychological injury to the plaintiff.

88. The purpose of the defendants' actions was to prevent the plaintiff, through physical invasion of privacy and psychological abuse and intimidation, from receiving equal protection under the law and from enjoying her privileges and immunities as a citizen under the Constitution and the laws of the United States and the State of Ohio, including but not limited to her rights be free from slavery and involuntary servitude, in violation of the thirteenth and fourteenth

17

amendments of the United States Constitution and Article 1, Section 7 of the Ohio Constitution.

89.     Pursuant to the systematic mistreatment of plaintiff by the several defendants, the defendants acted to deprive plaintiff of her civil rights by repeated and insidious acts of harassment, intimidation, bad faith and threat, of in violation of 42 U.S.C. § 1985(3).

90.     Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

91.     Defendants had no probable cause for arresting, searching and detaining plaintiff for refusing the drug test.

92.     As a direct and proximate result of the defendants' actions and inactions, plaintiff has suffered and continues to suffer humiliation, severe anxiety, and emotional distress, associated with her incarceration and defense for the defendants' illegal actions, and other damages for which defendants are liable.

## COUNT VIII

### ANTI-RETALIATION PROVISIONS OF 42 U.S.C. SECTION 1983.

93.     Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

94.     Throughout all relevant events described herein, plaintiff firmly stood on her civil rights under the Constitutions of the United States and the State of Ohio, particularly her right to refuse a drug test without the necessary due process.

95.     Defendants subsequently and continuously engaged in retaliatory conduct against plaintiff for exercising her civil rights, including subjecting plaintiff to verbal, physical and

18

psychological hostilities, subjecting plaintiff to or permitting malicious and fabricated criminal accusations and investigation, as well as in the other abuses and wrongful actions described throughout this Complaint.

96.     Defendants retaliated against plaintiff for engaging in protected activities.

97.     Defendants' continuous and repeated retaliations against Plaintiff was in violation of the anti-retaliation provisions of 42 U.S.C. Section 1983.

98.     Defendants had no jurisdiction to retaliate against plaintiff for her decision to stand upon her constitutional rights.

99.     Defendants' above-described actions and omissions were malicious, wanton, and willful, gross and egregious, exhibited conscious disregard for the rights of plaintiff, and had great probability of causing substantial harm.

100.     Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

101.     As a direct and proximate result of the defendants' retaliation, plaintiff has suffered and continues to suffer humiliation, severe anxiety, and emotional distress, associated with her incarceration and defense for the defendants' illegal actions, and other damages for which defendants are liable.

## COUNT IX

## MONELL LIABILITY

102.     Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

103.     Defendants held multiple policies, whether written, unwritten, or otherwise, which

19

constituted a practice of violating the Constitutional rights of individuals.

104.    The defendants' policies regarding the Judge's authority within the courtroom of the Tiffin-Fostoria Municipal Court deprived plaintiff of her basic Constitutional rights.

105.    The defendants' policies regarding the procedure of admitting individuals in to the Seneca County Jail violated the plaintiff's basic Constitutional rights.

106.    The defendants' policies were conducted on an ongoing basis outside of all jurisdiction.

107.    Under the Supreme Court of the United States' decision in *Monell v. Department of Social Serv.*, 436 U.S. 658, defendants are liable for holding and practicing unconstitutional policies in violation of 42 U.S.C. 1983.

108.    As a direct and proximate result of the defendants' unconstitutional policies, plaintiff did, in fact, suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, for which defendants are liable.

109.    Plaintiff will continue to suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, and financial damages associated with her incarceration and defense for the defendants' illegal actions, for which defendants are liable.

## COUNT X

### CANTON LIABILITY

110.    Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

111.     Defendants failed to adequately train their employees in regard to the Constitutional rights of individuals appearing at the public accommodation of the Courthouse, resulting in gross violations of plaintiff's rights.

112.     Defendants failed to adequately train their employees in regard to the Constitutional rights of individuals being processed for jail sentences, resulting in gross violations of plaintiff's rights.

113.     Pursuant to the opinion of the Supreme Court of the United States in *City of Canton v. Harris*, 489 U.S. 378, the defendants' failure to adequately train their employees in the Constitutional rights of citizens constitutes a violation of 42 U.S.C. 1983. Defendants are subject to *Canton* liability.

114.     As a direct and proximate result of the defendants' *Canton* liability, plaintiff did, in fact, suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, for which defendants are liable.

115.     Plaintiff will continue to suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, and financial damages associated with her incarceration and defense for the defendants' illegal actions, for which defendants are liable.

## COUNT XI

### INTENTIONAL INFLICTION  OF EMOTIONAL  DISTRESS

116.     Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

21

117.    Defendants' conduct, explained in detail throughout this Complaint, constitutes extreme and outrageous conduct which was intended to cause severe emotional distress to plaintiff.

118.    Defendant Repp engaged in the conduct detailed throughout this Complaint while acting as an agent of the Municipal Court within the course and scope of his agency. All defendants acted with knowledge that severe emotional distress to plaintiff was substantially certain to result and with reckless indifference to the likelihood that severe emotional distress to plaintiff would result from their intentional acts and omissions.

119.    Defendants had no jurisdiction for their intentional acts and omissions which led to Plaintiff's suffering severe emotional distress.

120.    Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

121.    As a direct and proximate result of these actions, omissions, behaviors and conduct of defendants, as described herein, plaintiff did, in fact, suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, for which defendants are liable.

122.    Plaintiff will continue to suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, and financial damages associated with her incarceration and defense for the defendants' illegal actions, for which defendants are liable.

## COUNT XII

**INVASION OF PRIVACY**

123.    Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

124.    Defendants, acting under color of state law, subjected Plaintiff to physical invasion of her body, interrogated Plaintiff about private matters related to her body, and other personal and private experiences, thereby unreasonably intruding upon her person and bodily integrity and privacy, without lawful or legitimate cause and in retaliation for her decision to exercise her civil rights.

125.    Defendant Repp engaged in the conduct detailed throughout this Complaint while acting as an agent of the Municipal Court within the course and scope of his agency. Defendants acted with knowledge that severe emotional distress to Plaintiff was substantially certain to result and with reckless indifference to the likelihood that severe emotional distress to Plaintiff would result from their intentional acts and omissions.

126.    The defendants' invasion of plaintiff's privacy was done in the absence of all jurisdiction.

127.    Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

128.    As a direct and proximate result of these actions, omissions, behaviors and conduct of Defendants, as described herein, plaintiff did, in fact, suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, and financial damages associated with her incarceration and defense for the

23

defendants' illegal actions, for which defendants are liable.

129.     Plaintiff will continue to suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, for which defendants are liable.

## COUNT XIII

### SEXUAL HARASSMENT

130.     Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

131.     Defendants committed discrimination against plaintiff based on her sex and gender.

132.     Defendants discriminated against plaintiff by sexually harassing her, failing to reasonably prevent the harassment, and subjecting plaintiff to hostilities based upon her sex and gender.

133.     The conduct of the defendants as described in this Complaint was continuous, severe, and pervasive, and constituted sexual harassment.

134.     Defendants failed to implement prompt or preventative or corrective action in relation to the sexual harassment against plaintiff.

135.     The defendants' sexual harassment against plaintiff was committed outside of all jurisdiction.

136.     Defendants' wrongful actions were done intentionally and maliciously, and motivated by evil motive or intent, with reckless or callous indifference to plaintiff's rights.

137.     As a direct and proximate result of these actions, omissions, behaviors and conduct

of defendants, as described herein, plaintiff did, in fact, suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, and financial damages associated with her incarceration and defense for the defendants' illegal actions, for which defendants are liable.

## COUNT XIV

### DERELICTION OF DUTY – NEGLIGENCE *PER SE*

138.    Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

139.    Defendants have committed acts evidencing a Dereliction of Duty, a second-degree misdemeanor under Ohio Revised Code 2921.44, which states that "No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office."

140.    Defendants recklessly, intentionally, and maliciously failed to perform their duty to reasonably, fairly, and impartially handle the business of the Municipal Court when they charged, incarcerated, and abused Plaintiff for no reason.

141.    Defendant Repp recklessly, intentionally, and maliciously failed to perform all judicial duties as described in the Ohio Judicial Code of Conduct in dealing with Plaintiff.

142.    All of Defendants' actions in dealing with Plaintiff were done in the absence of all jurisdiction.

143.    The Defendants' dereliction of duty constitutes negligence *per se* as related to the

Plaintiff.

144.    As a result of Defendants' negligence *per se*, Plaintiff has did, in fact, suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, and financial damages associated with her incarceration and defense for the defendants' illegal actions, for which defendants are liable.


## COUNT XV

### USING SHAM LEGAL PROCESS – NEGLIGENCE *PER SE*

145.    Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

146.    Defendants' violated Ohio Revised Code 2921.52 by Using a Sham Legal Process to arrest, detain, search, and seize Plaintiff, which a first-degree misdemeanor.

147.    The process by which Plaintiff was detained, arrested, incarcerated, abused and harassed was in every way a sham legal process which was not lawfully issued, purported to be a judgment and lawful order of a court and to have jurisdiction over Plaintiff, and was designed to make Plaintiff and others believe that it was legally issued.

148.    The Defendants' using of the sham legal process constitutes negligence *per se* as related to the Plaintiff.

149.    As a result of Defendants' negligence *per se*, Plaintiff has did, in fact, suffer serious emotional distress, suffering and humiliation, as well as stress, and aggravation and/or creation of physical and mental conditions, and financial damages associated with her incarceration and defense for the defendants' illegal actions, for which defendants are liable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays this honorable Court to award her judgment against Defendants upon their Complaint, and to grant them the following relief:

A)      Declaration that the acts and practices complained of herein are in violation of 42 U.S.C. Section 1983;

B)      Injunctive relief enjoining and restraining Defendants from further interfering with the rights of Plaintiff and others as set forth herein;

C)      Liquidated and Statutory Damages;

D)      Compensatory Damages;

E)      Punitive or Exemplary Damages;

F)      Pre-judgment and post-judgment interest;

G)      Reasonable attorney fees incurred in this action, pursuant to federal and state law;

H)      The costs of this action; and,

I)      Any such further relief the Court deems just or equitable.

Respectfully submitted,

_/s/ Joseph F. Albrechta_
Joseph F. Albrechta (0008478)
Jordan A Treece (0098086)
ALBRECHTA & COBLE, Ltd.
2228 Hayes Avenue, Suite A
Fremont, Ohio 43420
(419)332-9999 – Telephone
(419)333-8147 – Facsimile
kwitte@lawyer-ac.com

/s/ David T. Albrechta
David T. Albrechta (48431)
Eleni K. Albrechta (48429)
ALBRECHTA & ALBRECHTA, LLC
530 Main Ave., Suite D3
Durango, CO 81301
(970) 422-3288 – Telephone/Fax
David@AlbrechtaLaw.com
Eleni@AlbrechtaLaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable herein.

/s/ Joseph F. Albrechta
Joseph F. Albrechta (0008478)
Plaintiffs' Counsel



# IN THE TIFFIN-FOSTORIA MUNICIPAL COURT

State of Ohio
Agency:

Vs

FILED TIFFIN-FOSTORIA   Case Number: CRB 2000228
MUNICIPAL COURT   CRIMINAL CASE JOURNAL ENTRY
OHIO

ORTA, ALEXANDRIA
DOB: 5/31/1999         2020 MAR 11  P 1: 43
Violation Date: 03/11/2020

## ARRAIGNMENT

□ The defendant appeared in open court
   □ with attorney _____
   □ waived counsel  □ in writing  □ following discussion.

□ Rights, pleas and penalties pursuant to Crim. R. 10 and 11 were explained
   and the defendant stated that he/she understood them.
□ Defendant acknowledged receipt of the complaint in open Court.
□ The defendant  □ heard  □ waived reading of the complaint in open court.
□ The defendant requested a continuance to
   _____,20___  at _____.
□ The defendant has requested court appointed counsel pursuant to Crim. R. 44
   □ The defendant testified that he/she is employed as follows: _____
   □ The defendant is unemployed.
   □ The Court determines that the defendant is entitled to Court appointed
      counsel and appoints _____ to
      represent the defendant.
   □ The Court finds that based upon the Ohio Public Defender Indigent
      Eligibility Guidelines that the defendant □ may  □ will  be required
      to reimburse Seneca County for the cost of court appointed counsel.
□ The Court finds that the defendant □does □not qualify for Court appointed Counsel

□ Defendant is ordered released upon signing a personal recognizance bond and a waiver of extradition

□ An appearance bond in the amount of $ _____ □10% allowed  □ cash or surety
   □ The Court finds that the following factors pursuant to Crim. R. 46 (C) apply:
      □ Nature/circumstances of the crime charged  □ Weight of the evidence  □ Length of residence
      □ Lack of employment  □ Confirmation of the defendant's identity  □ Lack of family ties  □ Jurisdiction of
      residence  □ Lack of financial resources  □ Defendant's character  □ Defendant's mental condition
      □ Record of convictions: _____
      □ Record of appearances: _____
      □ Current status:  □ Probation        □ Community Control      □ Parole/PRC  □ Awaiting trial
      □ Other: _____

□THE DEFENDANT ENTERED A PLEA OF  □GUILTY   □ NOT GUILTY  □  NO CONTEST
   □This matter is hereby continued to_____ for _____.
   □ This matter is to be set for trial within  □thirty  □forty-five □ninety days of _____.
   □Waiver of rights and plea □signed  □ discussed in open court.

YOU HAVE BEEN CHARGED WITH:
2705.02 A Contempt
   □   Misdemeanor of the____degree
   □   Minor misdemeanor

MAXIMUM PENALTY:
$_____ FINE
AND/OR_____ JAIL

MANDATORY MINIMUM PENALTY:
   □   Permanent weapons disability
       section 2923.13

□ No mandatory minimum penalty.

## ADJUDICATION

FOLLOWING □INITIAL PLEA   □CHANGE OF PLEA   □TRIAL BY JURY   □TRIAL BY THE COURT,
THE DEFENDANT IS HEREBY FOUND  □ GUILTY  □ NOT GUILTY of  2925.12A DRUG ABUSE INST

### SEE REVERSE SIDE

Defendant's name:  ORTA, ALEXANDRIA
Case Number: CRB 2000228

FILED TIFFIN-FOSTORIA
MUNICIPAL COURT

HAVING CONSIDERED THE FACTORS SET FORTH IN SECT. 2929.22, THE COURT HEREBY
SENTENCES THE DEFENDANT AS FOLLOWS:

2020 MAR 11  P 1:43

□ The defendant is sentenced to pay a fine of $_____ plus court costs.

□ The defendant is ordered to serve_____days in the Seneca County Jail, with_____days conditionally
suspended upon compliance with the terms and conditions of probation.  Said period of incarceration is to be served
            □ consecutive
            □ concurrent to other misdemeanor jail time.

        □ The defendant is ordered into the custody of the Seneca County Sheriff for the carrying out of said sentence.

        □ The defendant shall be permitted to report to the Seneca County Jail for imposition of sentence on
        _____, 20___ at _____ upon signing an own recognizance bond and a waiver of
        extradition

□ The defendant is placed on probation for _____ □years  □months.

        □ The defendant is subject to special terms and conditions of probation which were explained in open court and
        which are contained in a separate journal entry.

        □ The defendant is ordered to report to the Probation Department, 103 East Market Street, Room 201,
        Tiffin, Ohio □ immediately to review and sign the special and general terms of probation. □ upon release from
        jail.

□ The defendant's Ohio operator's license is suspended for _____ □ years  □ months.

□ Defendant is approved for restricted driving privileges, the terms of which are contained in a separate order
after □ passing urine screen □ _____.

□ All evidence seized in this case shall be surrendered to the arresting agency for destruction or official use unless
held as evidence in another case.

□ The defendant is placed under a permanent weapons disability pursuant to Sect. 2923.13 of the Ohio Revised Code.

□ Case dismissed upon the motion of the City Prosecutor due to plea in companion Case No. _____.

□ Defendant is not eligible for early release based upon participation in any program offered by the Seneca County
Sheriff's Office.

X In addition, the Court orders finds, Alexandria Orta in direct contempt —
diranled court, for 10 dys to the Seneca Coty Jail stat or
until she should submit a/ urine sample.

Revised 02/20

Judge Mark E. Repp